2025 IL App (1st) 250067-U

No. 1-25-0067B

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

—

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

—

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 23-CR-5313 |
| | ) | |
| JOSEPH WILSON, | ) | |
| | ) | The Honorable |
| Defendant-Appellant. | ) | Michael B. McHale, |
| | ) | Judge Presiding. |

JUSTICE PUCINSKI delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held:* The circuit court did not err when it granted the State's petition for pretrial detention. The State's proffer established by clear and convincing evidence that the proof was evident and the presumption great that defendant committed the qualifying offense of first degree murder. Defendant waived the issues of dangerousness and mitigating conditions because he failed to argue these issues in his motion for relief.

¶ 2    Defendant, Joseph Wilson, filed a Pretrial Fairness Act Appeal under Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024), from the circuit court's order entered on January 6, 2025, granting the State's petition for pretrial detention. For the following reasons, we affirm.

¶ 3                                    BACKGROUND

¶ 4    On October 1, 2024, defendant filed a *pro se* motion to reconsider requesting a new detention hearing pursuant to 725 ILCS 5/110-7.5(b)(1) (West 2024). On November 26, 2024, the State filed a petition for pretrial detention hearing alleging that the proof was evident or the presumption great that defendant committed the eligible offense of first degree murder. On the same day, the court held a pretrial detention hearing. Defendant represented himself at the pretrial detention hearing.

¶ 5                                   State's Proffer

¶ 6    At the pretrial detention hearing, the State proffered that at trial, Ms. Trull would testify that she had children with both defendant and the victim. In 2019, defendant was accused of sexually abusing Trull's and the victim's daughter. On July 28, 2021, defendant was shot multiple times. Defendant believed that the victim shot him in retaliation for the sexual abuse allegations regarding the victim's daughter. At the time defendant reported that shooting, he was driving a grey Ford Fusion. Following the shooting, defendant sent several Facebook messages to Trull and the victim, threatening to kill the victim in retaliation.

¶ 7    On November 17, 2021, at approximately 12:50 a.m., the victim arrived at 1134 S. Keeler to meet with a woman. The victim parked his vehicle on South Keeler Street and waited in his vehicle. A grey Ford Fusion with a pink Lyft light in the windshield approached the victim's vehicle from the rear and pulled alongside the victim's vehicle. The driver of the grey Ford Fusion then shot inside the victim's vehicle. The victim suffered five gunshot wounds to the left arm and

one gunshot wound to his torso. He drove his car a short distance before crashing. Surveillance footage captured the shooting.

¶ 8    ShotSpotter, a gunshot detection system, detected eleven gunshots from the area. Police officers responded and provided aid to the victim. The officers recovered a Glock 17 9mm with a full magazine and one in the chamber from the victim's vehicle. The officers did not recover any evidence of firearm discharge from the victim's vehicle. The officers recovered ten spent .40-caliber shell casings from the scene. The .40-caliber shell casings did not match the victim's gun. The .40-caliber shell casings did match a shell casing recovered from a shooting in February 2021. The victim's wife in the February 2021 shooting case told detectives that she heard defendant arguing with the victim right before the gunshot. The victim was transported to a hospital and pronounced dead.

¶ 9    Multiple police observation device ("POD") cameras followed the grey Ford Fusion to 140 N. Pine, which is defendant's mother's address. The Ford Fusion is registered to defendant's mother. Defendant's cellphone data shows defendant at 140 N. Pine at 11:33 p.m., in the area of the shooting at 12:55 a.m., and back at 140 N. Pine at 1:10 a.m. The cellphone data coincides with POD camera footage. Surveillance footage near 140 N. Pine captures an individual who Trull identifies as defendant, walking from the direction where the grey Ford Fusion was last seen on the POD camera. The sweater defendant is wearing in the video was a gift given to defendant from Trull.

¶ 10    The police arrested defendant on April 13, 2023. The police read him his *Miranda* rights. He admitted to living at 140 N. Pine with his mother. He admitted driving the grey Ford Fusion. He stated that he was at a restaurant on Randolph Street during the time of the shooting. He provided the police with a detailed description of the colorful outfit he wore to the restaurant. The

police reviewed interior and exterior surveillance footage from the restaurant and did not observe an individual matching the description of defendant in the video.

¶ 11     Defendant's criminal history included Illinois convictions for unlawful use of a credit card number (Class 4 felony), delivery of a controlled substance (Class 2 felony), possession of a controlled substance with intent to deliver (Class 1 felony), and aggravated battery (Class 3 felony). Defendant also had a prior Indiana conviction for forgery.

¶ 12     The State argued that the proof was evident and the presumption great that defendant committed the qualifying offense of first degree murder. Defendant was a danger to the community based on the facts of this case and his criminal history. Electronic monitoring would not mitigate the risk defendant posed to the community because it allowed two days of unrestricted movement.

¶ 13                                    Defendant's Proffer

¶ 14     Defendant argued that the search warrant for his cell phone records indicated that he was at 105 S. Lotus from approximately 12:15 a.m. to 12:21 a.m. At the same time, the POD camera footage showed the suspect leaving 140 N. Pine. He argued that the POD camera footage was inconsistent with the cellphone data. He determined that he could not be the suspect because the cellphone data placed him at a different location at the same time. The circuit court disagreed with defendant's assessment of the evidence and stated, "I'm reading it differently than you are, sir. It's a search parameter. It doesn't say you were here this whole six minutes."

¶ 15                                    Order and Appeal

¶ 16     The circuit court ruled that the State proved by clear and convincing evidence that the proof was evident and the presumption great that defendant committed the qualifying offense. The circuit court determined that defendant was a danger to the community based on the facts of the case, his criminal history, and his access to firearms. The circuit court noted that two days of unfettered

movement on electronic monitoring would not mitigate the danger that defendant posed to the community. The circuit court granted the State's petition for pretrial detention.

¶ 17 Defendant filed a motion for relief pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024). In his motion, defendant argued that the cellphone records showed him at 105 South Lotus at the same time the suspect was seen driving up Pine Avenue, the POD camera footage was inconsistent with the cellphone data, the State's case was entirely circumstantial, and no evidence placed him at the scene of the crime. He contended that the State failed to prove by clear and convincing evidence that proof was evident or the presumption great that he committed the offense, that he posed a real and present threat to the community, and that no condition or combination of conditions could mitigate that alleged threat. The circuit court denied defendant's motion for relief.

¶ 18 Defendant appealed. On appeal, defendant, in lieu of filing a memorandum, relied on the arguments in his motion for relief. The State filed a response. We review *de novo* the circuit court's denial of a defendant's pretrial release when the parties proceed by proffer. *People v. Morgan*, 2025 IL 130626, ¶ 54.

¶ 19 ANALYSIS

¶ 20 The Pretrial Fairness Act

¶ 21 Pretrial release is governed by article 110 of the Code, as recently amended by Public Act 101-652 (eff. Jan. 1, 2023), sometimes referred to as the "Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act" or the "Pretrial Fairness Act."[1] Under article 110 of the Code, a

---

[1] Our supreme court has recognized that "[n]either name is official, as neither appears in the Illinois Compiled Statutes or public acts." *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n. 1.

defendant's pretrial release may only be denied in certain limited situations. *See* 725 ILCS 5/110-2(a), 110-6.1.

¶ 22 If the State files a petition requesting denial of pretrial release, "the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that a defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of another person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution." *People v. Vingara*, 2023 IL App (5th) 230968, ¶ 7; 725 ILCS 5/110-6.1(e), (f). Our supreme court has instructed that "[e]vidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74; see also *People v. Stock*, 2023 IL App (1st) 231753, ¶ 12 ("Clear and convincing evidence is that quantum of proof that leaves no reasonable doubt in the mind of the fact finder about the truth of the proposition in question." (Internal quotation marks omitted.))

¶ 23 The trial court may order a defendant detained pending trial if the defendant is charged with a qualifying offense and the court concludes the defendant "poses a real and present threat to the safety of any person" or the community. 725 ILCS 5/110-6.1(a). The statute provides a non-exclusive list of "[f]actors to be considered in making a determination of dangerousness" that the trial court may consider in assessing whether the defendant poses such a threat. 725 ILCS 5/110-6.1(g). These include the nature and circumstances of any offense charged, the defendant's history and characteristics, the identity of any person whose safety the defendant is believed to threaten, and "[a]ny other factors, including those listed in Section 110-5 of this Article deemed by the court

to have a reasonable bearing upon the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior." 725 ILCS 5/110-6.1(g).

¶ 24    If the trial court finds the State proved a threat to the safety of any person or the community, the court must determine which pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a). In making this determination, the court must consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; (4) the nature and seriousness of the real and present threat to the safety of any person or the community, based on the specific articulable facts of the case, that would be posed by the defendant's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *Id.*

¶ 25                                  Waiver

¶ 26    Defendant argued in his motion for relief that "the State failed to meet its burden of proving by clear and convincing evidence that the defendant poses a real and present threat to the safety of any person or persons or community, based on the specific, articulable facts of the case." He also argued that "the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case or defendant's willful flight." For the reasons stated below, defendant waived argument on the issues of dangerousness and mitigating conditions.

¶ 27    Rule 604(h)(2) states that,

> "As a prerequisite to appeal, the party taking the appeal shall first present
> to the trial court a written motion requesting the same relief to be sought on

appeal and *the grounds for such relief.* The trial court shall promptly hear and decide the motion for relief. Upon appeal, *any issue not raised in the motion for relief \*\*\* shall be deemed waived.*" (Emphasis added.) Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024).

¶ 28  Rule 604(h)(7) provides that,

"Whether made in the motion for relief alone or as supplemented by the memorandum, the form of the appellant's arguments *must contain sufficient detail to enable meaningful appellate review, including the contentions of the appellant and the reasons therefore and citations of the record and any relevant authorities.*" (Emphasis added.) Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024).

¶ 29  Defendant's assertions concerning dangerousness and mitigating conditions, as set forth above (*Supra* ¶ 22), constitute the entirety of defendant's argument on these issues. While defendant raises those issues, he fails to offer any argument or supporting basis for the claims asserted. As such, defendant's motion for relief failed to meet the requirements of Rule 604(h)(2), which requires the party to provide "the grounds for such relief." Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024); see *People v. Drew*, 2024 IL App (5th) 240697, ¶¶ 39-44. Additionally, his motion failed to meet the requirements of Rule 604(h)(7), which requires the motion to "contain sufficient detail to enable meaningful review, including the contention of the appellant and the reasons therefore and citations of the record and any relevant authorities." Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024); see *Drew*, 2024 IL App (5th) 240697, ¶¶ 39-44. Accordingly, defendant waived argument on these issues. See Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024) (any issue not raised in the motion for relief shall be deemed waived).

¶ 30            First Degree Murder

¶ 31  Defendant argued in his motion for relief that the State failed to prove by clear and convincing evidence that the proof was evident or the presumption great that he committed the offense of first degree murder.

¶ 32        First degree murder is a felony offense that qualifies for pretrial detention. 725 ILCS 5/110-6.1(a)(1.5), (e) (West 2024). A person commits first degree murder if, in causing a death, they intend to kill or cause great bodily harm to the victim or another, know that their conduct will result in death, or know that their conduct creates a strong probability of death or great bodily harm. 720 ILCS 5/9-1(a)(1)-(2) (West 2020). "Circumstantial evidence alone can support a criminal conviction." *People v. Zaibak*, 2014 IL App (1st) 123332, ¶ 64. "Circumstantial evidence is the proof of facts or circumstances that give rise to a reasonable inference of other facts that tend to establish the guilt or innocence of a defendant." *People v. Penrod*, 316 Ill. App. 3d 713, 720 (5th Dist.2000).

¶ 33        Here, the State proffered that, prior to the shooting at issue, defendant was shot and believed the victim was responsible. He believed the victim shot him as a retaliation for prior allegations of defendant's sexual abuse of the victim's daughter. Defendant then sent threats through Facebook to both the victim and Trull. On the night of the shooting, the victim was shot while waiting in his vehicle. The gunshots came from a grey Ford Fusion. Surveillance footage captured the incident, and ShotSpotter detected eleven gunshots in the area. Police recovered ten .40-caliber shell casings from the scene, none of which matched the 9mm firearm found in the victim's car. However, the casings matched a prior shooting in which the defendant was reportedly present.

¶ 34        Additional evidence tied the defendant to the scene and the grey Ford Fusion. POD cameras tracked the grey Ford Fusion, registered to defendant's mother, leaving the scene and returning to her address at 140 N. Pine. Cellphone data showed defendant at that address before and after the shooting and in the vicinity of the murder at the time it occurred. Surveillance footage near 140 N. Pine showed a man identified by Trull as defendant, wearing a sweater she had given him, walking

from the direction where the Fusion was last seen. When arrested, defendant admitted to living at 140 N. Pine and driving the Fusion but claimed he was at a restaurant during the shooting. However, video surveillance from that location failed to corroborate his alibi.

¶ 35    Accordingly, the State's proffer established by clear and convincing circumstantial evidence that the proof was evident or the presumption great that defendant committed the offense of first degree murder.

¶ 36                              CONCLUSION

¶ 37    For the reasons stated above, we affirm the decision of the circuit court of Cook County.

¶ 38    Affirmed.