NOTICE

Decision filed 12/16/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 240949-U

NO. 5-24-0949

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 24-CF-823 |
| | ) | |
| TYRONE C. WILLIAMS, | ) | Honorable |
| | ) | Lindsey A. Shelton, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BARBERIS delivered the judgment of the court.
Justice Cates concurred in the judgment.
Justice Moore specially concurred.

**ORDER**

¶ 1   *Held*:   Circuit court's orders detaining defendant are affirmed where the State proved, by clear and convincing evidence, that defendant was a threat to the community and no condition or combination of conditions could mitigate this threat.

¶ 2   Defendant, Tyrone C. Williams, appeals the July 11, 2024, denial of his "Motion to Reconsider Order Detaining Defendant Pretrial" and the May 8, 2024, order of the circuit court of Macon County that granted the State's petition to deny him pretrial release. For the following reasons, we affirm.

¶ 3                           I. Background

¶ 4   On May 8, 2024, the State charged defendant by information with the offenses of unlawful possession of weapons by a felon (counts I and II), Class 2 felonies; unlawful possession of a

1

controlled substance with intent to deliver (count III), a Class 1 felony; unlawful possession of a controlled substance (count IV), a Class 4 felony; unlawful possession of cannabis with intent to deliver (count V), a Class 3 felony; and unlawful possession of methamphetamine (count VI), a Class 3 felony. The same day, the State filed a verified petition to deny defendant pretrial release, attaching a sworn statement of the arresting police officer. Following a hearing on the State's petition on May 8, 2024, the circuit court entered an order detaining defendant.

¶ 5        On May 22, 2024, the circuit court held a preliminary hearing, at which time defense counsel made an oral motion to reconsider the court's May 8, 2024, pretrial detention order. The court denied defendant's oral motion. Defendant then filed a "Motion to Reconsider Order Detaining Defendant Pretrial" on May 30, 2024, requesting the court reconsider the May 8, 2024, detention order and release defendant on conditions. For support, defendant asserted that his criminal history over the last 14 years included only traffic and driving under the influence offenses and that his mother had stage IV cancer.

¶ 6        On July 11, 2024, the circuit court held a hearing on defendant's motion. A review of the report of proceedings demonstrates that the court and the parties treated defendant's motion to reconsider as a motion for relief. See Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). Following argument by the parties, the court denied defendant's motion, and defendant filed a timely *pro se* notice of appeal.

¶ 7        On November 4, 2024, this court issued a summary order dismissing defendant's appeal for failure to comply with Rule 604(h)(2). *People v. Williams*, No. 5-24-0949 (unpublished summary order under Illinois Supreme Court Rule 23(c)). This court subsequently issued a mandate on November 12, 2024.

¶ 8    On November 22, 2024, defendant filed a petition for rehearing pursuant to Illinois Supreme Court Rule 367 (eff. Nov. 1, 2017). Therein, defendant argued that this court should address defendant's appeal on the merits, asserting that defendant's motion substantially complied with the requirements set forth in Rule 604(h)(2) and the circuit court treated defendant's motion as a motion for relief. On November 26, 2024, this court granted defendant's petition for rehearing and recalled the mandate. For the reasons set forth below, we now affirm.

¶ 9                                      II. Analysis

¶ 10    On appeal, defendant argues that the circuit court's detention order should be reversed because the State failed to meet its burden of proving, by clear and convincing evidence, that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case. We cannot agree.

¶ 11    Pretrial release—including the conditions related thereto—is governed by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). A defendant's pretrial release may be denied only in certain statutorily limited situations. 725 ILCS 5/110-6.1 (West 2022).

¶ 12    To set appropriate conditions of pretrial release, the circuit court must determine, by clear and convincing evidence, what pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." *Id.* § 110-5(a). In reaching its determination, the circuit court must consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and

3

characteristics of the person;[1] (4) the nature and seriousness of the specific, real, and present threat to any person that would be posed by the person's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *Id.* The statute lists no singular factor as dispositive. See *id.*

¶ 13     Our standard of review of pretrial release determinations is twofold. The circuit court's factual findings will be reviewed under the manifest weight of the evidence standard, such as the State's burden of presenting clear and convincing evidence that conditions of pretrial release would not protect any person or the community, the defendant has a high likelihood of willful flight to avoid prosecution, or the defendant failed to comply with previously ordered conditions of pretrial release. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008).

¶ 14     The circuit court's ultimate determination regarding the denial of pretrial release is reviewed for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13. "An abuse of discretion occurs where the circuit court's decision is arbitrary, unreasonable, or fanciful or where no reasonable person would have taken the position adopted by the circuit court." *People v. Heineman*, 2023 IL 127854, ¶ 59.

---

[1]The defendant's history and characteristics include: "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at circuit court proceedings," as well as "whether, at the time of the current offense or arrest, the defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A), (B) (West 2022).

¶ 15    We have thoroughly reviewed the record on appeal in this matter. The circuit court heard evidence from the State that included, *inter alia*, that detectives identified large amounts of cannabis and a plate of cocaine near a loaded Glock handgun during a search of defendant's residence. The Glock handgun had an extended magazine that contained live rounds of ammunition. In addition, detectives discovered another large amount of cannabis in a plastic bag next to a loaded handgun. The State highlighted that defendant, a convicted felon, was prohibited from having a gun. The State also asserted that defendant had prior convictions and served time in both federal (possession of a controlled substance with intent to deliver) and state (simple possession) prison. Moreover, immediately prior to the incident at issue, defendant recently finished serving a 30-day jail sentence for driving under the influence on a revoked license in Piatt County, Illinois. As such, the State argued that defendant was a threat to the community. Following argument by the parties, the circuit court made an individualized finding to deny pretrial release to defendant after considering the facts presented, the pretrial investigation report, the sworn statement of the arresting police officer, arguments made by counsel, and the statutory factors.

¶ 16    Subsequent to the petition to detain, the circuit court held a hearing on defendant's motion to reconsider, which it treated as a motion for relief. Again, the court reviewed defendant's circumstances, as raised in his motion. The court found that the State had met its burden of proving, by clear and convincing evidence, that defendant had committed a detainable offense, and that defendant posed a real and present threat to the safety of any person or persons in the community based on the specific articulable facts of the case. Based on these facts, along with the other matters already of record, the court found that no condition or combination of conditions could reasonably mitigate against the danger that defendant posed to the community.

¶ 17    Therefore, in light of our review of the record, we find that the circuit court's factual findings were not against the manifest weight of the evidence and the circuit court's ultimate determination to deny defendant pretrial release was not an abuse of discretion. Accordingly, we affirm the circuit court's orders of May 8, 2024, and July 11, 2024.

¶ 18    For the foregoing reasons, we grant defendant's petition for rehearing and affirm. Importantly, although we found the arguments presented by defendant lacking, as stated in our original order, we decline to dismiss the appeal. We note that defendant's motion to reconsider, treated as a motion for relief, did not strictly follow the requirements set forth in Rule 604(h)(2), where defendant made no reference to Rule 604(h)(2) and did not assert that the State failed to meet its burden of proof to establish the necessary grounds for pretrial detention, *i.e.*, that the State failed to prove the defendant posed a real and present safety threat or failed to present clear and convincing evidence that no set of pretrial conditions could mitigate any purported danger. For these reasons, we caution counsel in future submissions to strictly comply with Rule 604(h)(2) to avoid the risk of dismissal on grounds of waiver. Likewise, we admonish the trial courts not to consider motions not compliant with Rule 604(h)(2).

¶ 19                                    III. Conclusion

¶ 20    Accordingly, we grant defendant's petition for rehearing and affirm on the merits.


¶ 21    Affirmed.

¶ 22    JUSTICE MOORE, specially concurring:

¶ 23    This appeal is brought pursuant to Illinois Supreme Court Rule 604(h). Relevant portions of Rule 604(h) state as follows:

"(h) Appeals From Orders Imposing Conditions of Pretrial Release, Granting or Denying a Petition to Deny Pretrial Release, or Revoking or Refusing to Revoke Pretrial Release.

(1) Orders Appealable. An appeal may be taken to the Appellate Court from an interlocutory order of court entered under sections 110-5, 110-6, and 110-6.1 of the Code of Criminal Procedure of 1963 as follows:

(i) by the State and by the defendant from an order imposing conditions of pretrial release;

(ii) by the defendant from an order revoking pretrial release or by the State from an order denying a petition to revoke pretrial release;

(iii) by the defendant from an order denying pretrial release; or

(iv) by the State from an order denying a petition to deny pretrial release.

(2) Motion for Relief. As a prerequisite to appeal, the party taking the appeal shall first present to the trial court a written motion requesting the same relief to be sought on appeal and the grounds for such relief. The trial court shall promptly hear and decide the motion for relief. Upon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived.

\* \* \*

(7) Memoranda. The motion for relief will serve as the argument of the appellant on appeal. The appellant may file, but is not required to file, a memorandum not exceeding 4500 words, within 21 days of the filing of the record

7

on appeal. Issues raised in the motion for relief are before the appellate court regardless of whether the optional memorandum is filed. If a memorandum is filed, it must identify which issues from the motion for relief are being advanced on appeal. Whether made in the motion for relief alone or as supplemented by the memorandum, the form of the appellant's arguments must contain sufficient detail to enable meaningful appellate review, including the contentions of the appellant and the reasons therefore and citations of the record and any relevant authorities." Ill. S. Ct. R. 604(h) (eff. Apr. 15, 2024).

It is well settled that the supreme court rules are not mere suggestions, and they have the force of law. *In re Denzel W.*, 237 Ill. 2d 285, 294 (2010).

¶ 24 The 604(h)(2) motion for relief is a procedural prerequisite to reaching the merits of an appeal. *People v. Cooksey*, 2024 IL App (1st) 240932, ¶ 17. The motion for relief is required to provide "the grounds for such relief" requested in the motion. Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024); *People v. Drew*, 2024 IL App (5th) 240697, ¶ 43. Further, the motion for relief must " 'contain sufficient detail to enable meaningful review, including the contentions of the appellant and the reasons therefore and citations of the record and any relevant authorities.' " *Drew*, 2024 IL App (5th) 240697, ¶ 43 (quoting Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024)).

¶ 25 The motion for relief establishes the arguments that may be presented on appeal. "Upon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived." Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024).

¶ 26 "[A] reviewing court is not simply a depository into which a party may dump the burden of argument and research." *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises, Inc.*,

2013 IL 115106, ¶ 56. This is because a reviewing court "cannot be expected to formulate an argument for defendant out of whole cloth." *People v. Inman*, 2023 IL App (4th) 230864, ¶ 13. The Pretrial Release Appeals Taks Force (Task Force) was mindful of this concept when making the recommendation to the Illinois Supreme Court that a motion in the trial court be a prerequisite to an appeal. Specifically on this issue, the Task Force report stated:

> "We believe this rule is essential to discourage the boilerplate 'arguments' we have seen in the existing check-the-box notice of appeal. We remain ever mindful that, as appellate judges, we may not serve as advocates for a party. Presentation of the appellant's argument in a cursory manner pressures the court to abandon the role it is ethically obligated to play: that of a neutral arbiter."

Pretrial Release Appeals Task Force, *Report and Recommendations* (Mar. 1, 2024), https://ilcourtsaudio.blob.core.windows.net/antilles-resources/resources/628434e3-d07f-4eadb1f64470d7e83bf3/Pretrial%20Release%20Appeals%20Task%20Force%20Report_March%202024.pdf

¶ 27 The Office of the State Appellate Defender (OSAD) was appointed to represent the defendant on appeal. OSAD filed a notice in lieu of Rule 604(h)(7) memorandum. Thus, the defendant's appeal is premised only on the motion for relief in the circuit court. The appeal was dismissed on November 4, 2024, and the defendant, through OSAD, filed a petition for rehearing. The petition for rehearing argued, *inter alia*, that this court should consider the motion that the circuit court treated as a motion for relief and consider the appeal because the defendant "substantially complied with the Rule."

¶ 28 Upon further consideration, the motion for reconsideration that was filed by defendant was construed by the circuit court as a motion for relief and thus the present appeal is distinguishable

9

from *People v. Cooksey*, 2024 IL App (1st) 240932, in which the defendant did not file a motion for relief and the reviewing court dismissed the appeal. The next consideration is whether the defendant's motion for relief is sufficient to allow for meaningful appellate review. The motion set forth the following:

"1. That since his arrest in this cause on or about May 7, 2024, Defendant has remained in custody.

2. That if released on pretrial release, Defendant would reside at ***.

3. That Defendant's mother is battling stage 4 cancer and is needed in helping to care for her during this time.

4. That Defendant has only had traffic and DUI offenses in the last 14 years.

5. That Defendant requested release with conditions pending the resolution of this matter.

6. That his request for Pretrial Release with conditions was denied on May 8, 2024."

¶ 29    The majority stated, "defendant argues that the circuit court's detention order should be reversed because the State failed to meet its burden of proving, by clear and convincing evidence, that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case." *Supra* ¶ 10. I cannot agree that the motion for relief, which consisted of six single-sentence paragraphs making only factual allegations, contained sufficient detail and the reasoning to enable meaningful review. I would apply Rule 604(h) to find that the appellant waived the issues he now seeks to have reviewed. Accordingly, I agree that the circuit court's orders regarding pretrial detention should be affirmed. However, the distinction I make is that, while the initial dismissal of the appeal was inappropriate because a motion was filed, the defendant has failed to present any

10

argument to establish that the circuit court's findings and decisions were against the manifest weight of the evidence or an abuse of discretion, thus the orders are affirmed.