NOTICE
Decision filed 04/01/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 241132-U

NO. 5-24-1132

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Coles County. |
| | ) | |
| v. | ) | No. 24-CF-536 |
| | ) | |
| BRYAN A. MARINE, | ) | Honorable |
| | ) | Brian L. Bower, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Justices Welch and Cates concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Applying a *de novo* standard of review, the circuit court's orders are affirmed.

¶ 2   This court previously issued its order in this matter on January 27, 2025. On March 20, 2025, the Illinois Supreme Court issued a supervisory order directing this court to vacate the January 27, 2025, order and consider the effect of its opinion in *People v. Morgan*, 2025 IL 130626.

¶ 3   The defendant, Bryan A. Marine, appeals the September 30, 2024, order of the circuit court of Coles County that granted the State's petition to deny him pretrial release and ordered him detained pending trial. In addition, he appeals the circuit court's determinations for continued detainment at each subsequent appearance before the circuit court on October 7 and October 10, 2024. Defendant filed a motion for relief on October 16, 2024, which was denied on October 21, 2024. Defendant filed a timely notice of appeal utilizing the Notice of Pretrial Fairness Act Appeal

1

604(h) (Defendant as Appellant) standardized form provided by the Illinois Supreme Court. Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). Defendant filed a memorandum in support of his appeal and argued (1) that the State failed to prove, by clear and convincing evidence, that no condition or combination of conditions could mitigate the real and present threat posed by defendant's release, and (2) the circuit court "did not make sufficient written or oral findings as required by the Pretrial Fairness Act." For the reasons that follow, we affirm.

¶ 4                                I. BACKGROUND

¶ 5      On September 27, 2024, the defendant was charged by information with four counts of aggravated criminal sexual abuse, Class 2 felonies, in violation of section 11-1.60(d) of the Criminal Code of 2012 (720 ILCS 5/11-1.60(d) (West 2022)) and four counts of child pornography, Class X felonies, in violation of section 11-20.1(a)(1)(ii) (*id.* § 11-20.1(a)(1)(ii)). The same day, the State filed a verified petition to deny defendant pretrial release. The circuit court held a hearing on the State's petition to deny defendant pretrial release on September 30, 2024. The same day, the circuit court entered an order detaining the defendant.

¶ 6      At the hearing on the State's petition to deny defendant pretrial release, the State began by noting that this case was the latest in a series of charges in an ongoing investigation against the defendant. The State referenced previous cases where the defendant had been charged for substantially similar offenses involving different victims, all under the age of 18 and in a vulnerable state. The State argued that one of the victims had a learning disability and "possessed a lack of maturity for somebody of her age." The State argued that the defendant is a recruiter for the United States military, and that he occupies a position of trust and authority. The defendant used his position as a recruiter to commit the alleged offenses. In this case, the defendant met the minor victim on Tinder, picked her up from a high school, took her to a recruiter's office, and

2

received numerous pornographic photographs from her. The State argued that the defendant poses a threat to not only the victims in these cases, but also to the community at large based on the specific articulable facts of the case.

¶ 7    In response, defense counsel argued that defendant acknowledged that he met the victim in this case on Tinder. Counsel argued that Tinder requires an age verification agreement where the user agrees that they are over the age of 18. Further, the defendant argued that he observed an "I.D. that purported to show that she was over the age of 18, and in getting to know her he discovered that she had a two-year-old child, so he reasonably believed her to be over the age of majority." In addition, defense counsel argued that the investigation into the defendant began by the defendant voluntarily "going to the police" and saying, "I've got a problem. I want to talk about this." Counsel argued that the defendant does not have access to children and had already been reassigned "at his own request away from being a recruiter." Further, counsel noted that the defendant had already been before the circuit court two previous times for the other cases, and each time the circuit court determined that the State had not met its burden to detain him. Moreover, counsel argued that the defendant had been released on pretrial conditions for four and a half months in the other cases, and there had been no allegation that the defendant had violated his pretrial conditions.

¶ 8    In response, the State further argued that his role as a United States military recruiter has caused his information to be disseminated throughout the local high schools and that there is a high probability that other individuals have his contact information. In addition, the State argued that the defendant used the internet to receive the pornographic images from the victims, and the circuit court cannot craft an order that can reasonably prevent the defendant from accessing the internet.

¶ 9    Lastly, defense counsel argued that the defendant is no longer in possession of the phone he used for recruiting purposes and the phone number is no longer associated with any individual cell phone the defendant would possess. Thus, there is no opportunity for children at the schools to contact the defendant.

¶ 10    After considering the State's proffer and arguments of counsel, the circuit court stated the following:

"Having considered the proffers, also having considered the Pretrial Investigation Report, the Court finds by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense. The Court further finds by clear and convincing evidence that the defendant poses a real and present threat to the safety of persons or the community based on the specific articulable facts of this case. I further find, and I recognize that this is the third attempt, but I'm certainly not bound by the previous findings. In my opinion based upon the evidence I find that no condition or combination of conditions can mitigate the real and present threat to the safety of persons or community. Accordingly[,] I'm granting the Petition to Deny Pretrial Release. The evidence in this case shows that the defendant has committed sex offenses against minors. At least there is sufficient evidence to demonstrate that that is likely the case, so for all of those reasons the Petition is granted."

The same day, the circuit court entered a form written order for detention, which included a section where the court can check mark boxes next to factors it found present that support the denial of pretrial release pursuant to section 110-6.1(h)(1) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1(h)(1) (West 2022)). In the detention order, the circuit court checked the boxes next to (1) the evidence shows that the defendant committed a sex offense; (2) evidence of the

4

defendant's psychological, psychiatric, or other similar social history tends to indicate a violent, abusive, or assaultive nature; and (3) the named victim was a minor, an elderly individual, or a person who suffers a physical or mental disability.

¶ 11    On October 7, 2024, the defendant was before the circuit court for a preliminary hearing and review of his continued detention. The defendant waived his preliminary hearing and asked the circuit court to continue the review of his detention to a short status date in order to file documents in support of his consideration for release. The circuit court granted the defendant's request. On October 8, 2024, the defendant filed with the circuit court a "Proffer In Support of Release or Release With Conditions." Therein, the defendant argued that (1) he had been released on conditions in his previous cases; (2) the State did not provide a written proffer for the detention hearing that occurred on September 30, 2024; (3) defense counsel is unaware of any allegations that the defendant has violated any pretrial release condition in any case, including the commission of any new offense; (4) defendant is not aware of any allegations of contact with any alleged victim since the filing of any criminal charge; and (5) the source material for all charges after Coles County 24-CF-249 are a result of the defendant's cooperation with authorities. In addition, the defendant attached as exhibits the following: certificate of marriage, letter from defendant's spouse, medical records of defendant's minor child, and multiple military records demonstrating reassignment.

¶ 12    On October 10, 2024, the circuit court heard proffers and arguments on the defendant's continued detention. The circuit court, after reviewing the transcripts, proffers, and arguments, found that continued detention was necessary. The circuit court found by clear and convincing evidence that the defendant poses a threat to "the general public, and particularly a subsection of the general public being mid-to-late-teenage females." In determining whether any condition or

combination of conditions would mitigate the threat, the circuit court stated that it had reviewed the cases tendered by defense counsel, which remanded an order of detention based upon a circuit court's failure to articulate or set forth specific reasons why conditions would not act to mitigate the danger. The circuit court then stated the following:

"In this case, the Court finds that no combination of conditions would mitigate the risk to the general public and the specific subclass, that being females of a mid-to-late-teen age.

The Court notes—and when it looks at conditions, the court notes whether a no-contact provision would be an adequate mitigating factor, whether an electronic home confinement would be an adequate mitigating factor, whether or not a forbiddance or a banning from any computer services would act as a mitigating *** factor. The Court finds that none of these factors, nor a combination of the same, would.

The Court notes in making this decision that in 24-CF-536, the proffer is that the Defendant utilized a Tinder device to make contact with a young teenage student and that he obtained, through that contact, photographs of a pornographic nature; that the Defendant also, in other matters—not that he is being detained on those matters, but the Court must look towards those as a basis as to why the other combination of factors would not be sufficient—notes that a position of trust was utilized in the obtaining of sex acts allegedly and the photographs as well or videos as well.

This Court finds that, based upon the cumulative nature, the Court finds clear and convincing evidence that a combination of factors would not act to mitigate or protect the subclass of mid-to-late-teenage females in this matter."

¶ 13     On October 16, 2024, the defendant filed a motion for relief pursuant to Rule 604(h)(2). In his motion for relief, the defendant argued the State failed to meet its burden of proving by clear and convincing evidence that the defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case. In support of this contention, the defendant argued that he has been on pretrial release in his other cases for four and a half months and there is no evidence or allegations presented that he has violated any of those conditions. Further, he argued that no allegation has been made that he has attempted to contact the alleged victims, or that any criminal offense of any nature has been committed since the initial charges were brought in May of 2024. The defendant also argued that no written proffer or affidavit was tendered to the circuit court for the detention hearing on September 30, 2024. In addition, the defendant argued that the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case. In support, the defendant asserted similar arguments to those listed above and reasserted the Tinder age verification argument. Lastly, the defendant argued that the circuit court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor. In support, the defendant argued that he has not failed to appear in court, there are no allegations that he has fled from law enforcement, and that the State has not proven that he "has not lived a crime free lifestyle since his release in May 2024."

¶ 14     The circuit court held a hearing on the defendant's motion for relief on October 21, 2024. Defense counsel stood on the motion for relief, stating that "all of the arguments [are] contained

7

within the four corners of the [motion]," and no additional argument was presented. The circuit court denied the defendant's motion for relief. On the same day, the defendant filed a notice of appeal. The Office of the State Appellate Defender was appointed and filed its memorandum for defendant-appellant in support of Rule 604(h) on December 2, 2024. Additionally, the appellant filed a motion to supplement the record on appeal with the defendant's pretrial services report. The motion was taken with the case; we grant the motion to supplement.

¶ 15                                    II. ANALYSIS

¶ 16     Illinois Supreme Court Rule 604(h) governs appeals stemming from the enactment of Public Act 101-652 (eff. Jan. 1, 2023). See *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (vacating the stay of the pretrial release provisions in Public Act 101-652 on September 18, 2023). The relevant portions of Rule 604(h) provide:

"(1) Orders Appealable. An appeal may be taken to the Appellate Court from an interlocutory order of court entered under sections 110-5, 110-6, and 110-6.1 of the Code of Criminal Procedure of 1963 as follows:

(i) by the State and by the defendant from an order imposing conditions of pretrial release;

(ii) by the defendant from an order revoking pretrial release or by the State from an order denying a petition to revoke pretrial release;

(iii) by the defendant from an order denying pretrial release; or

(iv) by the State from an order denying a petition to deny pretrial release.

(2) Motion for Relief. As a prerequisite to appeal, the party taking the appeal shall first present to the trial court a written motion requesting the same relief to be sought on appeal and the grounds for such relief. The trial court shall promptly hear and decide the

8

motion for relief. Upon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived.

* * *

(7) Memoranda. The motion for relief will serve as the argument of the appellant on appeal. The appellant may file, but is not required to file, a memorandum not exceeding 4500 words, within 21 days of the filing of the record on appeal. Issues raised in the motion for relief are before the appellate court regardless of whether the optional memorandum is filed. If a memorandum is filed, it must identify which issues from the motion for relief are being advanced on appeal." Ill. S. Ct. R. 604(h) (eff. Apr. 15, 2024).

¶ 17     In the memorandum, the defendant identified two issues that he is advancing on appeal: (1) the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat, and (2) the circuit court failed to make sufficient written or oral findings summarizing the court's reasons for concluding why less restrictive conditions would not mitigate the real and present threat. When a supporting memorandum is filed, it becomes "the controlling document for issues or claims on appeal." *People v. Forthenberry*, 2024 IL App (5th) 231002, ¶ 42. "If a memorandum is filed, it must identify which issues from the motion for relief are being advanced on appeal." Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024). The filing of a memorandum reflects that an appellant has elected to abandon any arguments that were raised in the motion for relief but not also pursued in the memorandum. *People v. Drew*, 2024 IL App (5th) 240697, ¶ 21. In addition, "any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived." Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024).

9

¶ 18 Here, the defendant raised several issues in his motion for relief. Of those issues raised in the defendant's motion for relief, only one is identified and asserted in his memorandum on appeal—whether the State failed to meet its burden in proving that no condition or combination of conditions could mitigate the threat. Accordingly, he has abandoned the other issues raised in his motion for relief. Further, the defendant has waived the second issue identified in his memorandum where the defendant never raised or argued in his motion for relief or before the circuit court that the court failed to make sufficient written or oral findings, and the error did not occur for the first time at the hearing on his motion for relief. Thus, the only issue properly before this court on appeal is the issue of conditions of release.

¶ 19 On appeal, the defendant argues that the circuit court's September 30, 2024, order should be reversed because the State failed to meet its burden of proving, by clear and convincing evidence, that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case. Specifically, the defendant argues that where he has no prior criminal history, was on pretrial release for four and a half months without incident, the charged conduct occurred before release, and his communications and conduct are heavily monitored by his employer—the United States military, the State failed to prove that no mitigating conditions existed. In addition, he argues that the State did not offer any specific evidence to meet its burden to show that no conditions or combination of conditions could mitigate the threat.

¶ 20 Pretrial release—including the conditions related thereto—is governed by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). A defendant's pretrial release may be denied only in certain statutorily

10

limited situations. 725 ILCS 5/110-6.1 (West 2022). To set appropriate conditions of pretrial release, the circuit court must determine, by clear and convincing evidence, what pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." *Id.* § 110-5(a). In reaching its determination, the circuit court must consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person;[1] (4) the nature and seriousness of the specific, real, and present threat to any person that would be posed by the person's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *Id.* The statute lists no singular factor as dispositive. See *id.*

¶ 21 Our standard of review of pretrial release determinations is twofold. Where the circuit court is asked to consider the testimony of live witnesses, and make factual findings, such as the State's burden of presenting clear and convincing evidence that conditions of pretrial release would not protect any person or the community, the defendant has a high likelihood of willful flight to avoid prosecution, or the defendant failed to comply with previously ordered conditions of pretrial release, our standard of review is the manifest weight of the evidence. *Morgan*, 2025 IL 130626, ¶ 54. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). Alternatively, where the parties to a

---

[1]The defendant's history and characteristics include: "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings," as well as "whether, at the time of the current offense or arrest, the defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A), (B) (West 2022).

11

pretrial detention hearing proceed solely by proffer or submission of documentary evidence, this court stands in the same position as the circuit court and may conduct its own independent review of the proffered evidence, thus reviewing the record *de novo*. *Morgan*, 2025 IL 130626, ¶ 54. In the present matter, the parties proceeded solely by proffer and documentary evidence, so we will employ *de novo* review. We have thoroughly reviewed the record on appeal in this matter, including the initial detention hearing, the subsequent detention hearings, and the motion for relief hearing. Like the circuit court, when considering whether a pretrial condition or combination of conditions could reasonably ensure the safety of any other person or the community, we consider the five factors set out in the Code: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; (4) the nature and seriousness of the specific, real, and present threat to any person that would be posed by the person's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. 725 ILCS 5/110-5(a) (West 2022). No singular factor is dispositive. See *id.*

¶ 22    In the present matter, the State's proffer included, *inter alia*, that this case is one of many where the defendant is charged with sex offenses against a minor victim, that there are other minor victims that were also in a vulnerable state, and that the defendant utilized his position of authority and trust to elicit contact with the victims and facilitate the charged offenses. In addition, the State made arguments that the defendant utilized the internet in contacting the victims and receiving pornographic photographs. The defendant does not dispute that he made contact with the victim by using the online networking application, Tinder. In addition, the weight of the State's proffered evidence is strong where the defendant admitted to officers that he has "a problem" and cooperated with the investigation. The nature of the charges against the defendant are serious, include sex

12

offenses against a minor, and some of the offenses are nonprobationable. The defendant deliberately chose to use his position of trust to prey on a specific and vulnerable "subclass of mid-to-late-teenage females." Although the defendant had previously been on pretrial release in prior cases, the circuit court made an individualized finding to deny pretrial release in this specific case, yet another sex offense committed against a separate minor victim. The circuit court made this determination while fully aware of the circumstances of the previous cases and after considering the facts presented, the pretrial investigation report, arguments made by counsel, and the statutory factors in this case. Further, at subsequent continued detention hearings, the circuit court specifically considered various forms of possible conditions to mitigate the threat and found that no condition or a combination thereof could mitigate the threat, and that the "cumulative nature" of the offenses supported continued detention. Where the State argued that the defendant utilized the internet to help facilitate the commission of the crime, and that virtually every device in today's modern society has access to the internet, we cannot say that the State failed to present "any" evidence regarding conditions.

¶ 23                              III. CONCLUSION

¶ 24    Accordingly, we agree with the circuit court that no condition or combination of conditions can reasonably ensure the safety of the public and, specifically, the vulnerable "subclass of mid-to-late-teenage females." The circuit court's orders of September 30, 2024, and October 21, 2024, are affirmed.

¶ 25    Affirmed.